NOT DESIGNATED FOR PUBLICATION

No. 119,700

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

SARAH R. LEMING,
*Appellee*,

and

JUSTIN E. LEMING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed August 16, 2019. Affirmed.

*Chan P. Townsley*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Sarah R. Olmstead* (formerly Leming), appellee pro se.

Before HILL, P.J., STANDRIDGE, J., and NEIL B. FOTH, District Judge, assigned.

PER CURIAM: This matter returns to our court after a remand for the district court to recalculate child support. *In re Marriage of Leming*, No. 115,915, 2017 WL 1426051 (Kan. App.) (unpublished opinion), *rev. denied* 306 Kan. 1318 (2017).

*The record reveals tragic health for one party and criminal behavior by the other.*

Married in 1999, Justin E. Leming and Sarah R. Leming (now Olmstead) had four children. Olmstead filed for divorce in 2015, after their 15-year-old child told Olmstead

1

that Leming had been sexually abusing her since she started school. He is now serving a prison sentence for aggravated indecent liberties with a child.

Olmstead suffers from breast cancer that has metastasized to her liver. Her condition impairs her ability to work outside the home. Her doctor issued a terminal diagnosis. Olmstead did not have resources or sources of income other than child support.

At trial, she did not ask for spousal maintenance because her medical prognosis suggests that she will not live long enough to rear the children into adulthood. Instead, Olmstead wanted the children's caretakers to have sufficient funds. "I just want it to be set up so that they can—whoever is going to care for them will have money to take care of them." The court tried to accomplish this goal.

The court imputed the wage Leming was capable of earning when determining the child support amount and ordered him to pay $2,202 per month. The district court found there were assets to meet this child support obligation and ordered "[Leming's] share of the assets, *$87,969.59, shall be liquidated and put into an account that can be drawn off of by* [*Olmstead*] for child support. The Court retains jurisdiction of this account in the event there is a need to modify child support in the future." (Emphasis added.) In other words, the court gave Lemming's share of the marital assets to Olmstead.

After Leming appealed, another panel of this court affirmed the district court's order to liquidate Leming's assets for use by Olmstead in providing for his child support obligations under the facts of this case—Leming's "gross and extreme actions involving one of the children, the need for child support, [Olmstead's] illness, and the lack of other resources." 2017 WL 1426051, at *3.

The panel, however, also held that the district court erred when it imputed Leming's income of $120,000 per year that he earned before he went to prison to set his

child support obligation. The panel reversed and remanded the case to the district court to set Leming's child support at the federal minimum wage for a 40-hour work week. 2017 WL 1426051, at *4-5. Leming petitioned the Kansas Supreme Court for review, but his petition was denied and the mandate was issued.

After remand, the district court complied with this court's order and imputed Leming's income as $1,257 per month. The district court was "at a loss" to learn the account for Olmstead was never established and again ordered the liquidation of Leming's assets and the establishment of the account within 30 days. The district court then stated: "The Court finds that its original language tying the use of these funds to child support may be incorrect. The Court now rules that [Olmstead] may use these funds for any manner deemed fit by [her]." The district court explained: "The Court's initial decision was to tie the fund being created to child support for the benefit of both [Olmstead] and [Leming]. *The intent was* to assist [Leming] with payment of child support, and *to ensure the availability of funds to* [*Olmstead*]." (Emphasis added.)

The district court then found that using minimum wage as the foundation for setting Leming's child support amount could not appropriately support the children. Finding the reduced amount of child support was a material change in circumstances, the district court determined it was justified in exercising its inherent authority to modify the original order and untether the funds from the specific use for child support.

In a June 2018 hearing, Leming's attorney requested additional time and guidance about the establishment of the account. Counsel understood as of the March 2016 trial that Olmstead's attorney would set up the account. He speculated that his first appeal interfered with that task. The district court responded:

> "I don't recall that I ordered that a trust be established. I ordered—and it is in the opinion of the Court of Appeals on the very first page. At the trial, it said at the hearing

3

the district court set [Leming's] child support income at $120,000 and then ordered his marital property in the amount of *$87,696.59 to be liquidated and put in a trust for* [*Olmstead*] to draw upon for child support. And then since that, the Court of Appeals upheld the $87,696.59 to [Olmstead].

"They did say that I calculated the child support wrong, using a wrong number. . . . Then I said that since *they didn't overturn* [*Olmstead*] *getting all of the marital property*, essentially, then it was to just give it to her. It would be up to her to decide what she wants to do with his share of the marital property.

. . . .

"The Court of Appeals said that *the order of complete marital property to Ms. Olmstead was correct under the circumstances*, although rare, but said I [should] set child support using a different income. So when we came back into court, I said that I am not tying them together anymore. The Court did affirm the order that she got his share of the property, so I ordered that his share of the property now be turned over to her." (Emphases added.)

Leming's attorney clarified, "What I understand—and what I understand you are saying today is that Ms. Olmstead gets the judgment. We don't need a trust. We don't need accounts. It just needs to be paid; is that fair?" The district court affirmed counsel's understanding.

As his sole issue in this appeal, Leming argues that the district court abused its discretion when it confused its "continuing authority to modify child support with its authority to modify a prior division of assets." Olmstead, however, contends that the district court was always mindful of her limited future earnings potential because of her compromised and declining health, and the court intended for her to receive Leming's liquidated marital assets to provide for the family. She argues the district court should be affirmed.

4

*The rules that govern us.*

A brief review of the rules is helpful here. A district court's division of property in a divorce action is governed by K.S.A. 2018 Supp. 23-2801 et seq. Appellate review is for abuse of discretion. *In re Marriage of Wherrell*, 274 Kan. 984, 986, 58 P.3d 734 (2002). The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017). A judicial action constitutes an abuse of discretion if

- no reasonable person would take the view adopted by the trial court;
- it is based on an error of law; or
- it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

*We find no error of law.*

Leming argues the district court abused its discretion based on an error of law because a material change in circumstances only provides a basis to modify child support obligations, not the distribution of marital assets. He contends that the decree was a final order awarding the parties an equitable distribution of the marital assets and it was not subject to modification on remand. Leming's appeal fails for two reasons:

- The record shows the district court awarded Olmstead all of the assets in 2016, and so it did not modify its original order on remand; and
- the law of the case prevents him from raising this issue now.

First, we must examine the original order. In March 2016, the district court ordered Leming's share of the assets, $87,969.59, "shall be liquidated and put into an account that can be drawn off of by [Olmstead] for child support." This order explicitly

holds that this $87,969.59 is Leming's portion of marital assets. But the court set those over to an account for Olmstead's use for child support.

Leming did not appeal the distribution. Rather, he unsuccessfully appealed the liquidation of the assets for its use in paying child support. *Leming*, 2017 WL 1426051, at *2-3. This court affirmed the district court's decision to order Leming's marital property "in the amount of $87,696.59 to be liquidated and put in a trust for [Olmstead] to draw upon for child support." 2017 WL 1426051, at *1, 3. The Supreme Court denied review, and the decision was final in November 2017. While this court remanded the case for the recalculation of Leming's child support obligation, it did not modify the liquidation order or the order to place the funds into an account for Olmstead. The panel acknowledged that the order was unusual but under the facts and equities of this case, the original order dividing assets was not modified.

Upon remand, the district court did not modify the allocation of assets. Instead, it tried to remove its connection to child support. The essence of the order—transferring Leming's portion of the marital assets to Olmstead—remained the same. Since the order is the same, the law-of-the-case doctrine comes into play.

The law of the case prevents Leming from now bringing up how the marital assets were distributed in 2016. It is long established in Kansas that when an appealable order is not appealed, it becomes the law of the case. See *State v. Parry*, 305 Kan. 1189, 1194, 390 P.3d 879 (2017), where the Supreme Court advised that "[c]ourts adhere to the law of the case 'to avoid indefinite relitigation of the same issue [and] to obtain consistent results in the same litigation.'" That distribution became the law of the case and is not now appealable.

We add one more point. While the district court on remand did not modify its prior order on the division of assets, it did modify its order by removing the condition that

Olmstead only use the funds for child support. Leming does not argue on appeal that the district court's decision to unencumber the funds from "child support" to "support of the children" was an abuse of discretion. Rather, he merely notes that "child support" is a term of art subject to the Kansas Child Support Guidelines. We see no substance in that distinction. Issues not adequately briefed are deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). A point raised incidentally in a brief and not argued therein is also deemed abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). We deem this issue abandoned for want of adequate briefing.

We summarize. Leming failed to meet his burden to show the district court abused its discretion based on an error of law. The district court did not modify its 2016 order on the distribution of assets. That order was affirmed on appeal, and the law of the case prevents Leming from raising it now.

Affirmed.